```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ROBERT PETERSON,                  :
                                  :   Civil Action No. 12-2545 (RBK)
              Plaintiff,          :
                                  :
         v.                       :   MEMORANDUM OPINION
                                  :
CAPE MAY COUNTY CORRECTIONAL      :
CENTER, et al.,                   :
                                  :
              Defendants.         :
```

**APPEARANCES:**

Plaintiff <u>pro se</u>
Robert Peterson
Southern State Correctional Facility
Delmont, NJ 08214

**KUGLER**, District Judge

Plaintiff Robert Peterson, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this civil action <u>in forma pauperis</u>, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the PLRA, a prisoner seeking to bring a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is

unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.[1]

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless

---

[1] Plaintiff's application for leave to proceed in forma pauperis is deficient, in that it is unsigned and is not accompanied by the required certified institutional account statements. However, Plaintiff is not eligible to proceed in forma pauperis on other grounds.

he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Here, Plaintiff has incurred at least four such "strikes." See Peterson v. Bondiskey, Civil No. 10-6477 (D.N.J.); Peterson v. Rinkus, Civil No. 10-5316 (D.N.J.); Peterson v. Korobellis, Civil No. 09-6571 (D.N.J.); Peterson v. Cape May County Correctional Center, Civil No. 10-0891 (D.N.J.).[2]  The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.  Accordingly, he may not proceed in forma pauperis.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to apply to re-open within 30 days by prepaying the filing fee in full.[3]

---

[2] It is apparent from these other filings that Plaintiff is also known as Parrish Chandler and the Clerk of the Court will be directed to amend the Docket to reflect this alias.

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

An appropriate Order will be entered.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: July 18, 2012